UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
IN RE: DIGITAL MUSIC ANTITRUST      :
LITIGATION                          :    06 MD 1780 (LAP)
                                    :
THIS DOCUMENT RELATES TO:           :    ORDER
ALL ACTIONS                         :
------------------------------------X

LORETTA A. PRESKA, Chief United States District Judge:

    Plaintiffs have moved pursuant to Local Rule 6.3 for reconsideration [dkt. no. 182] of the Court's order entered December 27, 2012 (the "Discovery Motions Order") [dkt. no. 179].  Specifically, Plaintiffs request reconsideration of the portion of the Discovery Motions Order that denied without prejudice Plaintiffs' pre-motion to compel discovery of certain transactional and cost data not already produced by Defendants.  (See Mem. of Law in Supp. of Pls.' Mot. to Reconsider the Order Regarding Discovery Mots. ("Pls.' Mem.") [dkt. no. 183] at 1-2.)  In relevant part, the Discovery Motions Order provides:  "[t]he Court will not order Defendants to provide additional transactional data at this time."  (Discovery Motions Order at 1.)  The Court then ordered that "Plaintiffs shall use the data that Defendants have already produced or have agreed to produce . . . ."  (Id. at 1-2.)

    "Reconsideration of a previous order by the court is an extraordinary remedy to be employed sparingly . . . ."  Anwar v. Fairfield Greenwich Ltd., 800 F. Supp. 2d 571, 572 (S.D.N.Y.

1

2011) (internal citation and quotation marks omitted); see also Nakshin v. Holder, 360 F. App'x 192, 193 (2d Cir. 2010) (summary order) ("The threshold for prevailing on a motion for reconsideration is high."). Indeed, "[t]he standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp. Inc., 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration is "neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced . . . ." Associated Press v. U.S. Dep't of Def., 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005) (citations omitted). Thus, a "motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." Shrader, 70 F.3d at 257.

Here, Plaintiffs suggest that "th[e] Court may have overlooked that [Plaintiffs'] document and data requests target . . . transactional data central to evaluation of commonality and typicality pursuant to Rule 23 of the Federal Rules of Civil Procedure." (Pls.' Mem. at 2.) Beyond this, Plaintiffs do not identify any facts or law that the Court overlooked; rather, Plaintiffs merely parrot the arguments made

2

during their letter briefing of the pre-motion, which was adjudicated by the Discovery Motions Order.  Accordingly, because Plaintiffs "seek[] solely to relitigate an issue already decided," their motion for reconsideration must be denied. Shrader, 70 F.3d at 257; Goonan v. Fed. Reserve Bank of N.Y., No. 12 Civ. 3859(JPO), 2013 WL 1386933, at *2 (S.D.N.Y. Apr. 5, 2013) ("Defendant also relies heavily on arguments set forth in its original reply brief and considered by the Court in its original ruling.  Although Defendant has bolstered those arguments with a few more citations, their essential character remains unchanged.  In many respects, this motion for reconsideration thus appears to be little more than an effort to re-litigate an issue that the Court has already decided.  Simply put, courts do not tolerate such efforts to obtain a second bite at the apple.").

Accordingly, Plaintiffs' motion for reconsideration [dkt. no. 182] is DENIED.  To the extent Plaintiffs believe that they require additional discovery or assert that Defendants are not in compliance with any discovery obligations, Plaintiffs may seek remedies by means other than a motion for reconsideration.

SO ORDERED.

Dated:   New York, New York
         December 9, 2013

_____
LORETTA A. PRESKA
Chief United States District Judge